# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JAMARL WESTLEY VAUGHN,

    Petitioner,

v.                                          Case No. 3:18-cv-1005-TJC-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

_____

## ORDER

**I.    Status**

Petitioner, Jamarl Westley Vaughn, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Petitioner challenges a state court (Duval County, Florida) judgment of conviction for which he is serving a thirty-year term of incarceration. Id. at 1. Respondents argue that the Petition is untimely filed and request dismissal of this case with prejudice. See Doc. 8 (Resp.).[1] The Court provided Petitioner with an

---

[1] Attached to the Response are several exhibits. The Court cites the exhibits as "Resp. Ex."

opportunity to reply (Docs. 9, 11), but he did not do so. This case is ripe for review.

## II. <u>One-Year Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

2

> presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. <u>Analysis</u>

On February 9, 2010, a jury found Petitioner guilty of burglary of a dwelling (Count One) and dealing in stolen property (Count Two). Resp. Ex. A at 76-77. On April 28, 2010, the trial court adjudicated Petitioner as a Habitual Felony Offender and a Prison Releasee Reoffender and sentenced him to a thirty-year term of incarceration with a fifteen-year minimum mandatory on Count One, and a concurrent fifteen-year term as to Count Two. <u>Id.</u> at 90-96. Petitioner, with help from appellate counsel, sought a direct appeal. <u>Id.</u> at 128-29. While his appeal was pending, Petitioner filed with the trial court a motion under Florida Rule of Criminal Procedure 3.800(b)(2), seeking correction of the written judgment and sentence to reflect the trial court's oral pronouncement at sentencing. Resp. Ex. D. Because the trial court did not rule on the Rule 3.800(b)(2) motion within sixty days, the motion was deemed denied by operation of Rule 3.800(b)(2)(B) on January 12, 2011. Resp. Ex. E.

On July 7, 2011, the First District Court of Appeal issued a written opinion, stating:

> Jamarl Vaughn, the appellant, raises four issues on appeal. We affirm the first two without discussion. However, we reverse and remand the remaining two issues for correction of sentencing errors.
>
> The state correctly concedes that the court's written order imposing Vaughn's sentence conflicts with the court's oral pronouncement regarding credit for time served. A written sentence that conflicts with an oral pronouncement of a sentence is an illegal sentence, and may be remedied in a rule 3.800 proceeding. <u>Allwine v. State</u>, 42 So. 3d 291, 293 (Fla. 4th DCA 2010) (citing <u>Williams v. State</u>, 957 So. 2d 600, 603 (Fla. 2007)). Vaughn preserved the sentencing errors by filing a motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Because this motion was not ruled upon within 60 days, it is considered to have been denied. Fla. R. Crim. P. 3.800(b)(2)(B). Accordingly, we reverse and remand with directions to the trial court to correct the written sentence in accordance with the oral pronouncement.
>
> Next, the state properly concedes error in the trial court's imposition of Sheriff's Investigatory costs, Prosecution Investigatory costs, and the Public Defender fee. The investigatory costs were not announced at sentencing and there is no record evidence that they were requested or documented by the state. Thus, these costs should be stricken. <u>Parker v. State</u>, 44 So. 3d 1190, 1191 (Fla. 1st DCA 2010) (striking Sheriff's Investigatory Costs and the Prosecution Investigatory costs where "there is no record indication that the State requested or demonstrated these costs as required under the statute"). On remand, the state may not seek to reimpose these costs because the record does not demonstrate that the state requested these costs.

> Fisher v. State, 697 So. 2d 1291, 1292 (Fla. 1st DCA 1997).
>
> Finally, the state properly concedes that that the Public Defender fee should be stricken because the trial court did not advise Vaughn of his right to contest the amount. See § 938.29(5), Fla. Stat.; Fla. R. Crim. P. 3.720(d)(1). For this reason, the Public Defender fee must be stricken. On remand, the trial court is directed to advise Vaughn of his right to a hearing to contest the Public Defender fee. Fla. R. Crim. P. 3.720(d); Bryant v. State, 661 So. 2d 1315, 1316-17 (Fla. 1st DCA 1995).
>
> AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.

Resp. Ex. H; see also Vaughn v. State, 65 So. 3d 138 (Fla. 1st DCA 2011). Because the First DCA issued a written opinion, Petitioner could have sought discretionary review with the Florida Supreme Court within thirty days of the date the First DCA rendered the opinion. See Fla. R. App. P. 9.120(b); see also Florida Star v. B.J.F., 530 So. 2d 286 (Fla. 1988) (holding that the Florida Supreme Court has subject-matter jurisdiction to review any decision of a district court of appeal that expressly addresses a question of law within the four corners of the opinion, even if the Florida Supreme Court ultimately denies a petition for discretionary review). Petitioner did not seek review with the Florida Supreme Court, and so Petitioner's judgment and sentence became final

when the time to seek that review expired – Monday, August 8, 2011.[2] Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."); Spivey v. Sec'y, Fla. Dep't of Corr., No. 3:15-cv-23-J-34JRK, 2019 WL 10749420, at *1 (M.D. Fla. Jan. 29, 2019) (finding that the petitioner's judgment and sentence became final following the expiration of his time to seek discretionary review in the Florida Supreme Court because the First DCA issued a written opinion on his direct appeal).[3] Petitioner's one-year statute of limitations began to run the next day, Tuesday, August 9, 2011. Later, in compliance with the First DCA's mandate,

---

[2] The thirtieth day fell on Saturday, August 6, 2011, so Petitioner had until the following Monday, August 8, 2011, to file a notice with the Florida Supreme Court. See Fla. R. Jud. Admin. 2.514(a)(1)(C).

[3] The United States Supreme Court reviews "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a). Unlike the facts in this case, "a district court decision rendered without opinion or citation constitutes a decision from the highest state court empowered to hear the cause, and appeal may be taken directly to the United States Supreme Court." Florida Star, 530 So. 2d at 289 n.3. Because the First DCA affirmed Petitioner's convictions in a written opinion "contain[ing] a statement or citation effectively establishing [the] point of law upon which the decision rest[ed]," the Florida Supreme Court had jurisdiction to review the opinion. See id. at 288. And "[t]he fact that review in the highest court is discretionary is irrelevant; the litigant still must seek such review in order to proceed to United States Supreme Court." Id. at 289. Petitioner could not have petitioned for review in the United States Supreme Court until the Florida Supreme Court — "the highest court" of the state — either denied review or issued an opinion, and thus Petitioner is not entitled to the additional ninety-day window to determine the date of finality. See, e.g., Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006) (holding that the petitioner was not entitled to the 90-day period in calculating federal habeas statute of limitations because he first did not seek review in the Georgia Supreme Court).

6

the trial court rerecorded Petitioner's written judgment and sentence to reflect the correct jail credit and omit the relevant fees and costs. Resp. Ex. I. Because the trial court's entry of the corrected judgment and sentence merely clarified the written sentencing document to coincide with the trial court's oral pronouncement of Petitioner's sentence, the subsequent rerecording did not restart Petitioner's AEDPA limitations period. See Davis v. Sec'y, Dep't of Corr., No. 21-10171-A, 2021 WL 1567343, at *2 (11th Cir. Apr. 21, 2021) (finding that the amended written judgment and sentence entered to reflect oral pronouncement of sentence was not a new judgment to restart the AEDPA clock).

As a result, after its August 9, 2011, commencement, Petitioner's one-year ran for 230 days until it was tolled on March 26, 2012, when Petitioner filed his first postconviction motion under Florida Rule of Criminal Procedure 3.850.[4] Resp. Ex. J at 1-12. Petitioner's statute of limitations remained tolled until March 6, 2018, when the First DCA issued its mandate affirming the trial court's second order denying Petitioner's amended Rule 3.850 motions following

---

[4] In their Response, Respondents incorrectly state Petitioner's one-year started on August 8, 2011, and that the statute of limitations ran for "236-days" before being tolled by his March 26, 2012, Rule 3.850 motion. Resp. at 17. But, as stated, Petitioner's one-year began August 9, 2011, and the duration between August 9, 2011, and March 26, 2012, is 230 days.

7

remand.[5] Resp. Ex. R. Petitioner's federal limitations period resumed the next day, March 7, 2018, and ran for another 135 days until it expired on July 20, 2018. Petitioner filed the Petition on August 14, 2018. See Doc. 1 at 1.

Thus, the Petition is untimely filed. Petitioner does not argue that he is entitled to equitable tolling, and he fails to allege any facts supporting due diligence or extraordinary circumstances. See Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). Nor does Petitioner assert actual innocence as a gateway to avoid enforcement of the one-year limitations period. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). As such, this action is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

---

[5] The First DCA reversed the trial court's first order denying Petitioner's Rule 3.850 motion and remanded for further proceedings on ground one of Petitioner's motion. Resp. Ex. N. On remand, the trial court directed Petitioner to amend, Resp. Ex. O at 154, and ultimately denied Petitioner's amended Rule 3.850 motions, id. at 247-48. Petitioner appealed and the First DCA affirmed the denial, completing Petitioner's Rule 3.850 proceedings. See Resp. Ex. R. Petitioner's AEDPA statute of limitations remained tolled until the First DCA issued its March 6, 2018, mandate.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[6]

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of July, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Jamarl Westley Vaughn, #126791
    Bryan Jordan, Esq.

---

[6] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.